# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:17-cv-08111-MWF-KES | Date: March 22, 2018 |

Title: ROBERT CLIFFIN v. LOS ANGELES SUPERIOR COURT

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | Order to Show Cause re Dismissal for Failure to File Status Update (Dkt. 15) |

Petitioner Robert Cliffin ("Petitioner") initiated this action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the Eastern District of California (the "Petition"). (Dkt. 1). The Petition was docketed on December 19, 2016. (Id.) Petitioner concurrently filed a request to proceed in forma pauperis (the "IFP Request"). (Dkt. 2.)

On November 6, 2017, Magistrate Judge Deborah Barnes of the Eastern District of California transferred Petitioner's action to the Central District of California based on the fact that the Petition attacks a "conviction issued by the Los Angeles County Superior Court." (Dkt. 4 at 1.) Online records from Petitioner's underlying criminal case, Los Angeles County Superior Court Case No. NA103982-01, appear to reflect that he entered a plea of nolo contendere to a charge under California Penal Code § 597(a), which prohibits animal cruelty. While the Petition asserts several grounds for relief, Ground One alone—as the Petition is currently alleged—appears to raise a challenge that is proper in a habeas proceeding, i.e., a challenge to the fact or duration of Petitioner's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In that Ground, Petitioner contends that "[a]nimal cruelty only carries 1 year county jail …." (Dkt. 1 at 4.)

Following the transfer of this action to the Central District of California, this Magistrate Judge issued an order dated November 13, 2017, noting that it seemed, based on a review of online inmate locators, that Petitioner was no longer incarcerated pursuant to the challenged sentence. (Dkt. 7 at 3.) The Court indicated that release from custody might render moot

Petitioner's habeas claim where he appeared to challenge only his sentence. (Id. (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Palomba, 182 F.3d 1121, 1123 n.3 (9th Cir. 1999)).) Petitioner was therefore "ordered to update the Court about his current custody status on or before December 15, 2017." (Id.) The Court also ordered Petitioner to submit a proper IFP Request attaching a certified copy of his trust fund account statement. (Id. at 2.)

Petitioner did not respond to the November 13, 2017, order, and the postal service returned it as undeliverable. (Dkt. 8.) Therefore, on December 21, 2017, the Court issued a Report and Recommendation (the "R&R") recommending that this case be dismissed due to the failure to provide an updated address. (Dkt. 11.) The R&R was returned as undeliverable. (Dkts. 12, 13.)

On January 22, 2018, the Court received from Petitioner a letter dated January 11, 2018. (Dkt. 14.) It indicated that Petitioner would "like to pursue [his] case," and asked the Court to "please [ex]cuse [him] be[ing] absent." (Id.) Petitioner agreed that, if he had a change of address, he would notify the Court. (Id.)

Based on Petitioner's correspondence, the Court vacated its R&R recommending dismissal on January 26, 2018. (Dkt. 15.) The Court concurrently ordered Petitioner to review its November 13, 2017, order and comply with it by (1) remedying deficiencies in his IFP Request or paying the $5.00 fee, and (2) providing the Court an update on his custody status as related to the animal cruelty charge raised in the Petition. (Id. at 2.) The Court advised that relevant responsive information would include (1) whether Petitioner remains in jail or prison in connection with that animal cruelty charge (or following a violation of parole terms related to that charge), and (2) whether Petitioner has completed his animal cruelty sentence. Petitioner was ordered to file a response on or before February 28, 2018. As of the date of this order, the Court has received no such response.

Accordingly, Petitioner is ORDERED to show cause on or before April 30, 2018, why this case should not be dismissed for lack of prosecution. See Pagtalunan v. Galaza, 291 F.3d 639, 640, 642 (9th Cir. 2002) (setting forth standard of review for dismissal for failure to comply with a court order, and factors for determining whether to dismiss for failure to comply with a court order or prosecute); Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998) (setting forth standard of review for dismissal for failure to prosecute). Petitioner is warned that if, by that deadline, he does not both (1) respond to this order, and (2) provide the information required by the Court's two November 13, 2017, and January 26, 2018, orders, then his case will be dismissed.

Initials of Deputy Clerk JD